UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BANCO BVA S/A                                                                                  Chapter 15

    Debtor in a Foreign Proceeding.                                       Case No.: _____
_____/

## VERIFIED PETITION FOR ORDER GRANTING
## RECOGNITION OF FOREIGN MAIN PROCEEDING \
## PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE

    Alvarez & Marsal Administração Judicial Ltda, represented by Eduardo Barbosa de Seixas (the "Trustee"), the duly appointed judicial administrator of BANCO BVA S/A (the "Debtor"), files this *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Verified Motion"), seeking entry of an Order granting (i) recognition of the Debtor's court-approved liquidation pending before First Bankruptcy and Judicial Reorganization Court of São Paulo (the "Brazilian Court"), Case No. 1087670-65.2014.8.26.0100 (the "Brazilian Proceeding") pursuant to 11 U.S.C. § 1517[1]; (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code. In support of the Verified Motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

    1.    The Trustee files the Verified Chapter 15 Petition for Recognition of a Foreign

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

Proceeding] (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2. The Declaration of Alvarez & Marsal Administração Judicial Ltda, represented by Eduardo Barbosa de Seixas, (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3. The petition for court-approved liquidation filed on behalf of the Debtor in Brazil is attached hereto as **Exhibit "B".**

4. The Judgment granting the Court-Approved liquidation of the Debtor and appointing the Trustee as judicial administrator and related orders, are attached hereto as Composite **Exhibit "C"**.

5. The Debtor's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 is attached hereto as **Exhibit "D"**.

6. The Petition, this Verified Motion, and the accompanying Declaration thereto demonstrate that the Brazilian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

**7.** The Judicial Administrator seeks the type of relief that chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and sections 109 and 1501 of the Bankruptcy Code.

9. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court

may enter a final order consistent with Article III of the United States Constitution.

10. The city of Sao Paolo, Brazil is the Debtor's center of main interests, where it is incorporated and maintains its principle place of business.

11. Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Trustee holds in this district approximately US$2,500 deposited on retainer with ACE Law, P.A.

## BACKGROUND

12. On or about June 19, 2013, after the Central Bank of Brazil intervened in the operations of Banco BVA S.A. ("BVA" or the "Debtor") and appointed an intervenor to take over the operations of BVA in October 2012, the Central Bank of Brazil placed BVA into extra-judicial liquidation and appointed Mr. Valder Viana de Carvalho as liquidator. *See* Ex. A ¶ 3.

13. On September 10, 2014, the former extra-judicial liquidator filed for the commencement of bankruptcy proceedings over BVA before the Brazilian Court. *See* Ex. A ¶ 3. On September 12th, 2014, the Brazilian Court entered an order granting the petition and placing the Debtor into liquidation (the "Judgment"), thereby commencing the Brazilian Proceeding. See Ex. B; Ex A ¶ 3.

14. Among other things, the Judgment also appointed the Trustee as the "judicial administrator" of the Debtor in the Brazilian Proceeding. *See* Ex. A ¶ 4; Ex. B.

15. Under Brazilian law, a trustee has the authority to conduct investigations of the actual causes of the insolvency, of conflict of interests that may exist between the Debtor and its management, and, when necessary, the filing of available causes of action for the benefit of the creditors. *See* Ex. A ¶ 4. Further, the Brazilian Court authorized the Trustee, as judicial administrator, to file any auxiliary proceedings abroad and recognized him as the foreign representative for the Brazilian Proceeding, such that he is qualified under Brazilian law to serve

as trustee for the Debtor's liquidation proceedings and have the authority to act as the Debtor's foreign representative to seek Chapter 15 recognition of the Brazilian Proceeding. *See* Ex. A ¶¶ 4-5; Ex. B.

**The Debtor and Its Business**

16. The Debtor was initially incorporated in January 1995 as a commercial financial institution in Rio de Janeiro, Brazil, by Mr Jose Augusto Ferreira dos Santos, who was the President of the Board of Directors at that time and maintained that position for most of the period of time prior to the Central Bank's intervention in 2012. *See* Ex. A ¶ 7.

17. Mr Benedito Ivo Lodo Filho then took over the presidency and managed the bank during the final years prior to the intervention. *Id.*

18. Both Mr Ferreira dos Santos and Mr Ivo Lodo Filho were the primary shareholders of the Debtor, which at the time of the Central Bank's intervention, was the 48th largest bank in Brazil. *See* Ex. A ¶ 8.

19. As part of the Central Bank's intervention, the personal assets of the controlling shareholders, directors, and other insiders, as well as those who occupied such roles within the previous 12 months, were automatically frozen pursuant to Brazilian law. *See* Ex. A ¶ 9.

20. At the time of the Central Bank's initial intervention, the intervenor's stated purpose was to sell the bank, but no potential purchasers existed by May of 2013. *See* Ex. A ¶ 10.

21. As a result, the extra-judicial liquidation, in which it was determined that BVA was insolvent, and the Brazilian Proceeding ensued. *See* Ex. A ¶ 11.

**Related Cases to BVA's Bankruptcy**

22. BVA's affiliates, shareholders, directors, officers, and other members of its governing body (collectively "controllers"), (i) Ana Paula Peixoto da Silva, (ii) Antônio Carlos

Conversano; (iii) Antônio Luiz de Oliveira Pinto Pascoal, (iv) Benedito Ivo Lodo Filho, (v) Carlos Jorge Moreno Yasaka, (vi) Cristine Basseto Cruz, (vii) Edison Gandolfi, (viii) João Alberto Magro, (ix) Edson Vicente Sivieri, (x) Eduardo Novo Costa Pereira, (xi) Fábio Augusto Guimarães Ferreira dos Santos, (xii) Hermes Xavier dos Santos, (xiii) Jorge Ribeiro da Silva Caldas Neto, (xiv) José Antônio La Terza Ferraiuolo, (xv) José Augusto Ferreira dos Santos, (xvi) José Ricardo Ceravolo Risolia, (xvii) Luiz Antônio Wanderley, (xviii) Luiz Rodolfo Palmeira Vasconcellos, (xix) Robson Luiz de Souza Brandão, (xx) V55 Empreendimentos S.A., (xxi) Vila Velha Empreendimentos S.A., (xxii) Vila Flor Participações S.A., (xxiii) Bolero Participações S.A. are named defendants in a Civil Class Action, proceeding number 1050996-88.2014.8.26.0100, pending before the 1st Bankruptcy and Judicial Reorganization Court of São Paulo.  *See* Ex. A ¶ 12.

23. In that case, the Public Attorney (who is the party responsible by law to present an indictment (complaint) against an individual suspected of violating the law, or to defend, in court or out of court, the collective interests of society, whether unavailable or incapable. *Id.* Public Attorneys act as part of or as law enforcement officers and they are civil servants) requested that they be ordered to pay R$2 billion (US$900 million)[2] for damages caused to BVA when it was under their administration. *Id.*

24. On May 9, 2016, Rubens Elias Zogbi, Marcia de Castro Zogbi and Fundo de Investimento Flamboyant, creditors of Banco BVA, requested that the court disregard the legal entity of BVA's controllers and that the bankruptcy be extended to encompass them as bankrupted persons.  *See* Ex. A ¶ 13.  The same was requested as to the other companies that form part of the

---

[2] All US Dollar equivalents are from http://themoneyconverter.com as at May 30, 2014, the date of the filing of the Civil Action.

BVA Group.[3] *Id.*

25. On April 7, 2019, the Public Prosecutor's Office filed a criminal complaint against Mr Benedito Ivo Lodo Filho, Mrs Maria Cláudia Gallo Lodo (Benedito Ivo Lodo Filho's wife), Antonio Luiz de Oliveira Pinto Pascoal, Carlos Alberto de Oliveira Andrade (CAOA Group's controller) and Paulo Roberto Assarito Bonifácio. *See* Ex. A ¶ 14.

26. This complaint alleges that BVA's controllers transferred assets belonging to BVA to the CAOA Group, thereby injuring BVA's creditors, since Mr. Benedito Ivo Lodo Filho and his wife had transferred real estate owned by them to one of the companies of the CAOA Group, with the assistance of Antonio Luiz de Oliveira Pinto Pascoal and Paulo Robert Assarito Bonifacio, who is married to Benedito's and Maria's daughter, Mrs. Barbara Lodo Assarito. *See* Ex. A ¶ 14.

27. On May 16th, 2019, Gboex – Grêmio Beneficente requested the disregard of the legal entity of SDG20 Participações S/A, a shareholder of the CAOA Group and also of the other companies within that group, and that the bankruptcy be extended to encompass them as bankrupted entities. *See* Ex. A ¶ 15.

**Investigation of the Debtor's Affairs**

28. The Central Bank identified, through a Commission established within the scope of Banco BVA's extrajudicial intervention, that there was an increase of credit operations, most of which were to companies unable to honor their commitments, that clearly violated the applicable banking rules. Ex. A ¶ 16.

*BVA Loan Structuring Commission Fee Scheme*

29. What was identified by the Brazilian Central Bank and what was stated in a Report

---

[3] The "BVA Group" consists of BVA Serviços S.A., Fortis Cobrança S.A., Menfis Participações M2A Participações Ltda., Razão Áurea Corretora, Consultoria e Gestão de Seguros Ltda., Agrocom Com., Ind., Importação e Exportação Agrícola e Pecuária Ltda., and BVA Real Estate Serviços Imobiliários S.A.

written by the Commission within the scope of Banco BVA's extrajudicial intervention, BVA Serviços S/A ("BVA Serviços"), an entity that formed part of the BVA Group, contracted with BVA for the provision of ancillary services related to BVA's loan operations. Ex. A ¶ 17.

30. It has been determined that BVA would make a loan, deduct substantial amounts as commissions from the loan proceeds, and pay these commissions to BVA Serviços for structuring the loan between BVA and its client. Ex. A ¶ 17.

*Withdrawing Funds from BVA*

31. According to what was identified by the Brazilian Central Bank and what was stated in a Report elaborated by the Commission established within the scope of Banco BVA's extrajudicial intervention, during the years 2010 and 2011, cash withdrawals were made directly from the bank and personally delivered by an employee to former directors of the bank (Mr Ferreira dos Santos and Mr Ivo Lodo Filho), through the delivery of receipts, called "vouchers". Ex. A ¶ 18.

32. These are unaccounted for withdrawals made by former directors. Ex. A ¶ 18.

33. Mr Ferreira dos Santos made requests for cash withdrawals, often several times a week, of amounts ranging from BRL100,000 to BRL400,000, values that were personally delivered by employees who received them from the former director "vouchers" representing the money taken. Ex. A ¶ 18. In February 2011, the former director himself started to keep the "vouchers".

34. The difference between the balances of the accounts was approximately BRL 36 million. *Id.*

35. Other controllers and insiders engaged in the same scheme but for lesser amounts. Ex. A ¶ 19.

**Additional Grounds**

36. As judicial administrator, the Trustee is bestowed with the power to, among other things, investigate the causes of the Debtor's liquidation and, when necessary, pursue any available causes of action for the benefit of the creditors. Ex. A ¶ 20. He further is required to conduct an analysis of the Debtor and its related entities, to understand the activities related to the activities that led to the filing of the Brazilian Proceeding; particularly, he is required to investigate the business, affairs, and worldwide dealings of the Debtor's principals and other relevant related companies to, among other things, reconstruct their affairs in relation to the Debtor and the resulting Brazilian Proceeding. Ex. A ¶¶ 20-21.

37. The Trustee has learned through other investigations that assets of the Debtor may be concealed in foreign tax havens by using names of the relatives of the Debtor's principals and offshore entities, as a result of which he is required to investigate the nature and extent of any activities undertaken in the United States that may be related to the Debtor and the assets of the Debtor. Ex. A ¶ 22.

38. He is also required to investigate the possibility that assets in the United States may have been acquired using funds belonging to the Debtor. Ex. A ¶ 22.

39. The Trustee has the expectation to recover assets, to the extent possible, including by filing proceedings and asserting such proprietary claims as may be available to him in the United States. Ex. A ¶ 23. He will also seek to bring claims against any third parties that are subject to suit and may have damaged or owe money to the Debtor in the United States, which may be subject of tracing claims. *Id.*

40. The result of the actions sought to be pursued by the Trustee described above is necessary and will benefit the creditors because it will permit creditors of the Debtor further recovery opportunities in order to collect on their claims. Ex. A ¶ 24.

## BASIS FOR RECOGNITION

41. The Trustee has satisfied each of the requirements for recognition of the Debtor and the Trustee under Chapter 15 of the Bankruptcy Code, as follows:

(a) The Trustee qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as Judicial Administrator by the Brazilian Court, which grants him the power to, among other things, supervise the liquidation of the Debtor and to investigate the actual causes of the liquidation and, when necessary, pursue causes of action for the benefit of creditors.

(b) The Brazilian Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in a Brazilian court under the bankruptcy laws of Brazil for the purpose of liquidation. See Ex. B.

(c) The Brazilian Proceeding further qualifies as a "foreign main proceeding" because the Brazilian Proceeding is a foreign proceeding pending in Brazil, which is the Debtor's center of main interests.

(d) To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the ACE Law, P.A. law firm.

(e) Lastly, this Verified Motion is accompanied by the Brazilian Court's Judgment granting the court-approved liquidation of the Debtor and appointing the Trustee as Judicial Administrator. See Ex. C. Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith. See Ex. D.

## RELIEF REQUESTED

2. By this Verified Motion, the Trustee respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "E"**, granting the following relief:

(a) Recognizing the Brazilian Proceeding as a "foreign main proceeding" and the Trustee as the Foreign Representative of the Debtor;

(b) Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c) Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1) staying the commencement or continuation of any action or proceeding without the consent of Trustee concerning rights, obligations or liabilities of the Debtor, and the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtor, to the extent not stayed under § 1520(a);

(3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor or the Debtor's estate, under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Trustee;

(6) entrusting the distribution of all or part of the assets of the Debtor located within the United States to Trustee;

(7) otherwise granting comity to and giving full force and effect to the Orders of the Brazilian Court attached as composite **Ex. C**; and

(d) granting the Trustee such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in _____ on _____ \_\_, 2021

_____

Dated: July 23, 2021 Respectfully submitted,

                                                 **ACE LAW, P.A.**
14200 SW 232nd Street
Miami, Florida 33170
Telephone: (305) 542-0544
Email: aescobar@acelawfirm.com

By:    */s/* Annette C. Escobar
        Annette C. Escobar
        Florida Bar No.: 369380