# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BANCO BVA S/A                                         Chapter 15

Debtor in a Foreign Proceeding.                       Case No.: _____
_____/

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF
CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

I, Alvarez & Marsal Administração Judicial Ltda, represented by Eduardo Barbosa de Seixas, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am over the age of 18 and I am competent to make this Declaration. All statements contained herein of the Debtor's operations and financial condition are true to the best of my knowledge, my review of the relevant documents and from conversations with relevant personnel. If called upon, I could testify as to all matters set forth in this declaration based upon my own personal knowledge, except for those portions specified as being otherwise. While I am proficient in English, I have had the assistance of one of my Brazilian lawyers Rodrigo Kaysserlian, who is a fluent English speaker.

2. This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified Motion")[1], seeking entry of an Order granting (i) recognition of the Brazilian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

Page 1 of 8



under sections 1520, 1521; and (iii) other applicable relief under the Bankruptcy Code.

3. On or about June 19, 2013, after the Central Bank of Brazil intervened in the operations of Banco BVA S.A. ("BVA" or the "Debtor") and appointed an intervenor to take over the operations of BVA in October 2012, the Central Bank of Brazil placed BVA into extra-judicial liquidation and appointed Mr. Valder Viana de Carvalho as liquidator. On September 10, 2014, Mr. Carvalho filed for the commencement of bankruptcy proceedings over BVA before the First Bankruptcy and Judicial Reorganization Court of São Paulo (the "Brazilian Court"), Case No. 1087670-65.2014.8.26.0100 (the "Brazilian Proceeding"). On September 12th, 2014, the Brazilian Court entered an order placing BVA into liquidation (the "Judgment").

4. Pursuant to the Judgment, Alvarez & Marsal Administração Judicial Ltda, through myself, was appointed as trustee of the Debtor in the Brazilian Proceeding. Under Brazilian law, a trustee has the authority to conduct investigations of the actual causes of the insolvency, of conflict of interests that may exist between the Debtor and its management, and, when necessary, the filing of available causes of action for the benefit of the creditors. Further, the Brazilian Court authorized me, as judicial administrator to file any auxiliary proceedings abroad and recognized me as the foreign representative for the Brazilian Proceeding.

5. Accordingly, I am qualified under Brazilian law to serve as trustee for the Debtor's liquidation proceedings and have the authority to act as the Debtor's foreign representative to seek Chapter 15 recognition of the Brazilian Proceeding.

6. For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the Brazilian Proceeding; (ii) that the Brazilian Proceeding constitutes a "foreign main proceeding" within the meaning of section 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the



requirements of the Bankruptcy Code; and (iii) that the Brazilian Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under the Bankruptcy Code.

## BACKGROUND

### The Debtor and Its Business

7. The Debtor was initially incorporated in January 1995 as a commercial financial institution in Rio de Janeiro, Brazil, by Mr Jose Augusto Ferreira dos Santos, who was the President of the Board of Directors at that time and maintained that position for most of the period of time prior to the Central Bank's intervention in 2012. Mr Benedito Ivo Lodo Filho then took over the presidency and managed the bank during the final years prior to the intervention.

8. Both Mr Ferreira dos Santos and Mr Ivo Lodo Filho were the primary shareholders of the Debtor. At the time of the Central Bank's intervention, the Debtor was the 48th largest bank in Brazil.

9. As part of the Central Bank's intervention, the personal assets of the controlling shareholders, directors, and other insiders, as well as those who occupied such roles within the previous 12 months, were automatically frozen pursuant to Brazilian law.

10. At the time of the Central Bank's initial intervention, the intervenor's stated purpose was to sell the bank. While there initially were three interested potential buyers, no potential purchasers existed by May of 2013.

11. As a result, the extra-judicial liquidation, in which it was determined that BVA was insolvent, and the Brazilian Proceeding ensued.

### Related Cases to BVA's Bankruptcy

12. BVA's affiliates, shareholders, directors, officers, and other members of its governing body (collectively "controllers"), (i) Ana Paula Peixoto da Silva, (ii) Antônio Carlos



Conversano; (iii) Antônio Luiz de Oliveira Pinto Pascoal, (iv) Benedito Ivo Lodo Filho, (v) Carlos Jorge Moreno Yasaka, (vi) Cristine Basseto Cruz, (vii) Edison Gandolfi, (viii) João Alberto Magro, (ix) Edson Vicente Sivieri, (x) Eduardo Novo Costa Pereira, (xi) Fábio Augusto Guimarães Ferreira dos Santos, (xii) Hermes Xavier dos Santos, (xiii) Jorge Ribeiro da Silva Caldas Neto, (xiv) José Antônio La Terza Ferraiuolo, (xv) José Augusto Ferreira dos Santos, (xvi) José Ricardo Ceravolo Risolia, (xvii) Luiz Antônio Wanderley, (xviii) Luiz Rodolfo Palmeira Vasconcellos, (xix) Robson Luiz de Souza Brandão, (xx) V55 Empreendimentos S.A., (xxi) Vila Velha Empreendimentos S.A., (xxii) Vila Flor Participações S.A., (xxiii) Bolero Participações S.A. are named defendants in a Civil Class Action, proceeding number 1050996-88.2014.8.26.0100, pending before the 1st Bankruptcy and Judicial Reorganization Court of São Paulo. In that case, the Public Attorney (who is the party responsible by law to present an indictment (complaint) against an individual suspected of violating the law, or to defend, in court or out of court, the collective interests of society, whether unavailable or incapable. Public Attorneys act as part of or as law enforcement officers and they are civil servants) requested that they be ordered to pay R$2 billion (US$900 million)[2] for damages caused to BVA when it was under their administration.

13.    On May 9, 2016, Rubens Elias Zogbi, Marcia de Castro Zogbi and Fundo de Investimento Flamboyant, creditors of Banco BVA, requested that the court disregard the legal entity of BVA's controllers and that the bankruptcy be extended to encompass them as bankrupted persons. The same was requested as to the other companies that form part of the BVA Group[3].

---

[2] All US Dollar equivalents are from http://themoneyconverter.com as at May 30, 2014, the date of the filing of the Civil Action.

[3] The "BVA Group" consists of BVA Serviços S.A., Fortis Cobrança S.A., Menfis Participações M2A Participações Ltda., Razão Áurea Corretora, Consultoria e Gestão de Seguros Ltda., Agrocom Com., Ind., Importação e Exportação Agrícola e Pecuária Ltda., and BVA Real Estate Serviços Imobiliários S.A.



14. On April 7, 2019, the Public Prosecutor's Office filed a criminal complaint against Mr Benedito Ivo Lodo Filho, Mrs Maria Cláudia Gallo Lodo (Benedito Ivo Lodo Filho's wife), Antonio Luiz de Oliveira Pinto Pascoal, Carlos Alberto de Oliveira Andrade (CAOA Group's controller) and Paulo Roberto Assarito Bonifácio. This complaint alleges that BVA's controllers transferred assets belonging to BVA to the CAOA Group, thereby injuring BVA's creditors, since Mr. Benedito Ivo Lodo Filho and his wife had transferred real estate owned by them to one of the companies of the CAOA Group, with the assistance of Antonio Luiz de Oliveira Pinto Pascoal and Paulo Robert Assarito Bonifacio, who is married to Benedito's and Maria's daughter, Mrs. Barbara Lodo Assarito.

15. On May 16th, 2019, Gboex – Grêmio Beneficente requested the disregard of the legal entity of SDG20 Participações S/A, a shareholder of the CAOA Group and also of the other companies within that group, and that the bankruptcy be extended to encompass them as bankrupted entities.

**Investigation of the Debtor's Affairs**

16. The Central Bank identified, through a Commission established within the scope of Banco BVA's extrajudicial intervention, that there was an intensification of credit operations, most of which were to companies unable to honor their commitments, that clearly violated the applicable banking rules.

*BVA Loan Structuring Commission Fee Scheme*

17. Accordingly to what was identified by the Brazilian Central Bank and what was stated in a Report elaborated by the Commission established within the scope of Banco BVA's extrajudicial intervention, BVA Serviços S/A ("BVA Serviços"), an entity that formed part of the BVA Group, contracted with BVA for the provision of ancillary services related to BVA's loan operations. It has been determined that BVA would make a loan, deduct substantial amounts as



commissions from the loan proceeds, and pay these commissions to BVA Serviços for structuring the loan between BVA and its client.

*Withdrawing Funds from BVA*

18. According to what was identified by the Brazilian Central Bank and what was stated in a Report elaborated by the Commission established within the scope of Banco BVA's extrajudicial intervention, during the years 2010 and 2011, cash withdrawals were made directly from the bank and personally delivered by an employee to former directors of the bank (Mr Ferreira dos Santos and Mr Ivo Lodo Filho), through the delivery of receipts, called "vouchers". These are unaccounted for withdrawals made by former directors. Mr Ferreira dos Santos made requests for cash withdrawals, often several times a week, of amounts ranging from BRL100,000 to BRL400,000, values that were personally delivered by employees who received them from the former director "vouchers" representing the money taken. In February 2011, the former director himself started to keep the "vouchers". The difference between the balances of the accounts was approximately BRL 36 million.

19. Other controllers and insiders engaged in the same scheme but for lesser amounts.

## Debtor's Grounds for Recognition

20. As judicial administrator, I am bestowed with the power to, among other things, investigate the causes of the Debtor's liquidation and, when necessary, pursue any available causes of action for the benefit of the creditors.

21. As judicial administrator, I need to conduct an analysis of the Debtor and its related entities, to understand the activities related to the activities that led to the filing of the Brazilian Proceeding. In particular, I need to investigate the business, affairs, and worldwide dealings of the Debtor's principals and other relevant related companies to, among other things, reconstruct their affairs in relation to the Debtor and the resulting Brazilian Proceeding.



22. Additionally, I have learned through other investigations that assets of the Debtor may be concealed in foreign tax havens by using names of the relatives of the Debtor's principals and offshore entities. As a result, I need to investigate the nature and extent of any activities undertaken in the United States that may be related to the Debtor and the assets of the Debtor. Also, I need to investigate the possibility that assets in the United States may have been acquired using funds belonging to the Debtor.

23. Thereafter, I would hope to make recoveries to the extent possible, including by filing proceedings and asserting such proprietary claims as may be available to me in the United States. I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to the Debtor in the United States, which may be subject of tracing claims.

24. The result of the actions described above, for which recognition of the Bankruptcy Proceedings by this Court, as requested in the Petition, is necessary, will benefit the creditors because it will permit creditors of the Debtor further recovery opportunities in order to collect on their claims.

## Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

25. I hereby file the following information in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(4):

    a. I, Alvarez & Marsal Administração Judicial Ltda, represented by Eduardo Barbosa de Seixas, am the duly appointed "judicial administrator" in the Brazilian Proceeding and the authorized foreign representative of the Debtor.

    b. My address is as follows:

**Rua Surubim, n.577, 20th floor**
**São Paulo, Brazil**
**ZIP Code: 04571-050**



For purposes of this Proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above, to:

> Attn: Annette C. Escobar
> ACE Law, P.A.
> 14200 S.W. 232nd St.
> Miami, Fl. 33170

c.  The Debtor is not a party to litigation in the United States.

d.  No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time. However, the Judicial Administrator, as representative of the Debtor, reserves the right to seek provisional relief as needed.

### Section 1515(c) Statement

26.  I am not aware of any foreign proceedings, as that term is defined under section 101(23) of the Bankruptcy Code, of the Debtor, other than this Chapter 15 Petition.

I, Alvarez & Marsal Administração Judicial Ltda, represented by Eduardo Barbosa de Seixas, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that I am the representative of the court-approved liquidation of Banco BVA S.A., and that, in such capacity, I have the authority to make the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Banco BVA, S.A.

Dated this 15 of June, 2021

_____
Alvarez & Marsal Administração Judicial Ltda.
Eduardo Barbosa de Seixas for and on behalf of
Banco BVA, S.A., company in court-approved liquidation.

